**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3510
_____

UNITED STATES OF AMERICA,

Appellant

v.

LEONARD STANGO

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:14-cr-00031-1)
District Judge:  Honorable Timothy J. Savage

Argued: April 22, 2015

Before:  CHAGARES, JORDAN, and BARRY, <u>Circuit Judges</u>.

(Filed: May 20, 2015)
_____

OPINION[*]
_____

Zane D. Memeger, Esq.
Robert A. Zauzmer, Esq. [ARGUED]
Nancy E. Potts, Esq.
Office of United States Attorney
615 Chestnut Street, Suite 1250

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Philadelphia, PA 19106
    Attorneys for Appellant

Brendan T. McGuigan, Esq. [ARGUED]
121 South Broad Street, 2nd Floor
Philadelphia, PA 19107
    Attorney for Appellee


CHAGARES, Circuit Judge.

The Government appeals the District Court's decision to sentence Leonard Stango to one day in prison. For the following reasons, we will vacate and remand the District Court's judgment of sentence.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Stango was involved in a sports-betting operation, and he made millions of dollars in revenues over the course of his career as a bookie. He was charged with aggravated structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2),[1] as well as four counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). He ultimately pled guilty to one count each of aggravated structuring and filing a false tax return, pursuant to a plea agreement.

At sentencing, the District Court calculated Stango's offense level at 26 with a criminal history category of I, resulting in an advisory Sentencing Guidelines range of 63

_____

[1] "Structuring" involves purposefully limiting transactions to amounts less than $10,000 to avoid the filing of a Currency Transaction Report. 31 U.S.C. § 5324(a). "Aggravated structuring" is structuring that involves the violation of another law or "as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period." Id. § (d)(2).

2

to 78 months of imprisonment.  Stango's attorney requested a downward departure due to Stango's age and various health conditions, which the District Court denied.  After some discussion of Stango's means of repaying the restitution he owes, as well as his level of culpability and his medical problems, the District Court imposed its sentence.  As relevant to this appeal, the District Court stated:

> He has a multitude of health issues. . . . He has no prior criminal record.  He has never been convicted of a crime before this offense.  He has accepted his responsibility to the extent that he has cooperated with the agents initially in this prosecution.  He pleaded guilty openly and he will cooperate with the IRS. . . . When I look at the factor that requires us to protect the public from the defendant's further crimes, I am convinced that this defendant will not engage in any illegal conduct in the future. . . . Mr. Stango is not a drug lord who was structuring drug money.  He was not at the apex of any gambling operation.  He was indeed attempting to hide his own involvement.  I take that into consideration when I look at disparate sentences and treatment of different defendants. I also look at the need to provide restitution.

Appendix ("App.") 29–30.  The District Court then sentenced Stango to one day in prison on both counts, to be served concurrently.  After imposing restitution in the amount of $446,990, the District Court went on to say, "Mr. Stango, just so I'm clear.  The sentence I imposed was done for the purpose of making sure you pay what you owe."  App. 30–31.  The Government timely appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b).  We review

3

a district court's sentencing decisions for abuse of discretion.  United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

III.

Our review of a criminal sentence proceeds in two steps.  First, we examine whether the district court committed a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range."  Gall v. United States, 552 U.S. 38, 51 (2007).  If we find procedural error "our preferred course is to remand the case for re-sentencing, without going any further."  United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010).  In the absence of procedural error, we review for substantive reasonableness, and "we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  Tomko, 562 F.3d at 568.

The Government contends that the District Court erred by varying downward drastically to facilitate Stango's ability to repay restitution.  Moreover, the Government argues, Stango admitted that he has no intention of working anymore, as he is retired, and therefore keeping him out of prison does not facilitate the repayment of restitution.

If done without qualification, it is troubling to imply that a defendant who owes more restitution, and thus has inflicted more harm or engaged in more culpable conduct, would be more likely to receive a lower prison sentence.  See United States v. Crisp, 454

4

F.3d 1285, 1291 (11th Cir. 2006) ("The more loss a defendant has caused, the greater will be the amount of restitution due, and the greater the incentive for a court that places the need for restitution above all else to shorten the sentence in order to increase the time for the defendant to earn money to pay restitution. Therefore, the more loss a criminal inflicts, the shorter his sentence. That approach cannot be deemed reasonable.").

Even crediting the District Court's concern about the repayment of restitution, it is unclear how the sentence of one day in prison facilitates the repayment of restitution in this case. Stango admitted in his sentencing hearing, through counsel, that "his work life is over" and that "[h]e is going to be living on . . . Social Security and the like for the rest of his life." App. 27. The District Court is required to explain its rationale for its sentence and answer colorable legal arguments on the other side; failure to do so can be procedural error. United States v. Kononchuk, 485 F.3d 199, 204 (3d Cir. 2007). Here, the District Court gave only brief explanations of its application of the § 3553(a) factors and failed to explain its extraordinary downward variance, and thus committed procedural error.

Moreover, the District Court departed from a Guidelines minimum of 63 months of imprisonment to a single day and, as we have held in the past, "in deciding on appeal whether the reasons provided by a district court are adequate, the degree that a sentence varies from the recommendation given in the Guidelines matters." United States v. Levinson, 543 F.3d 190, 197 (3d Cir. 2008); see also United States v. King, 454 F.3d 187, 195 (3d Cir. 2006) (holding that significant variances must be "adequately supported by the record"). In a case where the district court varied from a Guidelines range of 70 to

5

87 months and imposed 60 months' probation and 9 months' home confinement, we referred to the variance as "genuinely extraordinary" and held that it "should have been accompanied by a thorough justification of the sentence, 'including an explanation for any deviation from the Guidelines.'" United States v. Negroni, 638 F.3d 434, 446 (3d Cir. 2011) (quoting Gall, 552 U.S. at 51). In light of the drastic variance, it was incumbent on the District Court to provide a thorough explanation, which it did not do.

While the Government presses the fact that the District Court's sole reason for the variance was the restitution award, the District Court also made statements on the record that suggested that it was considering Stango's age, health, and his relative lack of culpability, though it denied a downward departure request based on his age and health. For instance, it commented on his prescription drug regimen, noting that it would be "difficult but not impossible to [be] provide[d] by the Bureau of Prisons." App. 30. It also pointed out that Stango was not a "drug lord" nor was he "at the apex of any gambling operation." App. 30. Those facts may be relevant in supporting a significant downward variance.

However, the District Court failed to explain how the facts justified its chosen sentence. As in Negroni, the District Court "did not acknowledge that the sentence it chose deviated significantly from the Guidelines." Negroni, 638 F.3d at 446. "In a case involving such a substantial variance, it is not enough to note mitigating factors and then impose sentence. Rather, the chain of reasoning must be complete, explaining how the mitigating factors warrant the sentence imposed." Id.; see also Gall, 552 U.S. at 50 ("We find it uncontroversial that a major departure should be supported by a more significant

6

justification than a minor one."). While the discussion on the record does note mitigating factors, without a fuller explanation of how those factors warrant the variance and their interaction with the other § 3553(a) factors, especially general deterrence and treating similarly-situated defendants alike, we cannot conclude that the District Court's sentence was procedurally sound.[2]

## IV.

For the foregoing reasons, we will vacate the District Court's judgment of sentence and remand for resentencing.

---

[2] As noted earlier, where we find procedural error, we ordinarily remand and do not move on to consider substantive reasonableness. See Merced, 603 F.3d at 214 ("If the district court commits procedural error, our preferred course is to remand the case for re-sentencing, without going any further."). The parties have not argued that we should depart from our standard approach in this case, and therefore we will not consider whether the sentence imposed was substantively reasonable.

7